[Nos. 9693, 9694. In Bank.— April 2, 1887.]

## A. HEINE, RESPONDENT, *v.* W. B. TREADWELL, APPELLANT.

LEASE — COVENANTS FOR PURCHASE AND SALE — PERFORMANCE — DEFAULT — TENDER. — Where a lease contains a provision giving the lessee the privilege of purchasing the demised premises at any time during the term, upon the payment of a stipulated sum to the lessors, the covenants for the payment of the purchase price by the lessee, and for a conveyance by the lessors, are mutual and dependent, and neither party can put the other in default without tendering a performance on his part, unless the other party waives such performance.

ID. — INSUFFICIENT ALLEGATION OF TENDER. — An allegation by the lessee that ever since a day prior to the expiration of the lease "he has been and still is ready and willing to perform each and all of the covenants and conditions of said agreement on his part to be kept and performed, and to pay to the lessors the full sum thereby agreed to be paid, upon the performance on their part of the covenants and conditions by them so to be kept and performed," is not an averment that he tendered the purchase price.

ID. — REFUSAL OF LESSOR TO CONVEY — WAIVER OF TENDER. — The refusal of the lessor to convey after the termination of the lease does not relieve the lessee of the necessity of proving a previous tender.

NEW TRIAL — NOTICE NO PART OF JUDGMENT ROLL — APPEAL — BILL OF EXCEPTIONS. — A notice of intention to move for a new trial, and the evidence of its service and filing, constitute no part of the judgment roll, and if not embodied in the bill of exceptions, will not be considered on appeal for the purpose of determining when it was served and filed.

ID. — FAILURE TO FILE AFFIDAVITS IN TIME — WAIVER OF OBJECTION. — The respondent on a motion for a new trial does not waive the right to object to the affidavits of the moving party on the ground that the same were not filed in time, if he raises the objection on the hearing of the motion.

ID. — EXCUSABLE NEGLECT — MOTION TO SET ASIDE JUDGMENT — REASON FOR DELAY MUST BE SHOWN. — Where a motion for a new trial on the ground of excusable neglect is denied because the moving affidavits were not filed in time, a subsequent motion under section 473 of the Code of Civil Procedure, to set aside the judgment on the same ground, will also be denied, unless sufficient reasons are shown for the delay in filing the affidavits on the former motion.

APPEAL from a judgment of the Superior Court of Lake County, from an order refusing a new trial, and from an order refusing to set aside the judgment.

The facts are stated in the opinion.

*W. B. Treadwell, Woods Crawford,* and *George P. Harding,* for Appellant.

*Welles Whitmore,* and *A. E. Noel,* for Respondent.

SEARLS, C.—This is an action of ejectment to recover a tract of land situated in Lake County.

Plaintiff had judgment, from which, and from an order dismissing and denying a motion for a new trial, defendant appeals, which appeal is No. 9693.

Subsequently defendant moved the court to set aside and vacate the judgment, upon the ground of "mistake, inadvertence, surprise, or excusable neglect," as provided by section 473 of the Code of Civil Procedure. The motion was denied, and appeal No. 9694 is taken from the order denying such motion.

For convenience' sake we shall consider the two appeals in the same opinion, stating separately, however, the views deemed applicable to each case.

Turning to appeal No. 9693, and we find that the answer of the defendant, among other things, avers that he leased the demanded premises from plaintiff and his wife, who were the owners as joint tenants, for one year from October 15, 1882; that by the terms of said lease, he was to have the privilege of purchasing at any time during the term for $3,250, upon giving ten days' previous notice of his election so to purchase; that on the first day of October, 1883, he elected to purchase the premises under the terms of said agreement, and gave written notice thereof to plaintiff and wife; that they never tendered him a deed, and repudiated their agreement to convey, etc.

Defendant contends that the judgment should be reversed for want of any finding as to the matters set up in the answer by way of equitable defense.

The findings on this branch of the case are as follows:—

"5. That on the fifteenth day of October, 1882, the defendant went into possession of said premises as tenant, by virtue of the lease set forth in the answer, and continued in possession as such tenant until October 15, 1883, when said lease expired; and that within thirty days thereafter plaintiff made a demand upon said defendant for the possession of said premises in writing.

"6. That the said defendant did not comply with the terms of the agreement mentioned in the answer, in regard to the purchase of said land, or any part thereof."

These findings cover the material allegations of the answer.

They cannot be true, and the defendant at the same time be entitled to recover upon the defense set out in his answer.

The findings in favor of plaintiff were supported by the evidence. Defendant did not introduce any evidence

whatever, and the affirmative allegations of the answer, which are to be deemed and taken as denied, were entirely unsupported by proofs.

This view is taken upon the theory that the bill of exceptions is properly before us.

If, however, the court was correct in holding that the bill of exceptions was not served and filed in time, then there is no evidence in the record, and we cannot review the facts as found. Indeed, in our view of the case, the answer does not set out such an equitable defense as called for findings at all.

According to the lease, which is set out in the answer, the payment of the purchase price, and a conveyance by the lessors, were mutual and independent covenants, and neither could put the other in default without tendering a performance on his own part, unless the other party waived such performance.

The allegation of the answer is, "that ever since said first day of October, 1883, defendant has been, and still is, ready and willing to perform each and all of the covenants and conditions of said agreement on his part to be kept and performed, and to pay to said plaintiff and said Therese Heine the full sum thereby agreed to be paid, upon the performance on their part of the covenants and conditions by them so to be kept and performed."

This is not an averment that he tendered the purchase-money.

In *Englander* v. *Rogers*, 41 Cal. 420, a similar allegation, under similar circumstances, was held insufficient.

The court said: "This is not an averment that he tendered the purchase-money. To constitute a valid tender in such a case, the party must have the money at hand, immediately under his control, and must then and there not only be ready and willing, but produce and offer to pay it to the other party, on the performance by him of the requisite condition." (Citing 15 Wend. 637; 6 Wend. 22; and *Strong* v. *Blake*, 46 Barb. 227.)

Defendant, it is true, avers that on or about the 1st of November, 1883, the lessors repudiated the agreement to sell, and have ever since neglected and refused to perform any of said covenants and conditions.

By reference to the lease, it will be seen that the agreement of the lessors was to convey "at any time before the expiration of the term."

The term expired on the fifteenth day of October, 1883, and a refusal to convey after that time could not excuse defendant from making a tender previously due. The motion for a new trial was dismissed upon the theory that the bill of exceptions and affidavit were not filed and served in time.

The notice of intention to move for a new trial, and the evidence of its service and filing, constitute no part of the judgment roll, and are not set forth in the bill of exceptions. We cannot, therefore, take notice of the time when the notice was served and filed.

As to the bill of exceptions, even if it should be conceded that it was filed in time, nothing therein contained would have authorized the court to grant a new trial.

It is not necessary to say, therefore, whether the bill of exceptions was filed in time, or whether, if not, the objection that it was not so filed was waived by failure to raise the question at the settlement of the bill.

As to the affidavit, however, showing accident and surprise, on account of which a new trial is asked, different considerations arise.

The respondent was not called upon, and had no opportunity to object that it was not in time until the motion was brought to a hearing, and as he then objected and moved to strike out upon the ground that the affidavit came too late, he certainly waived no right in relation thereto.

It follows that the judgment and order appealed from should be affirmed.

The appeal in No. 9694 is from a special order made

after final judgment, denying defendant's motion to vacate and relieve him, the said defendant, from the judgment, on the ground of excusable neglect.

The judgment was rendered April 16, 1884. On the twenty-third day of April, 1884, defendant gave notice of a motion for a new trial, which motion was denied May 27, 1884. On the twenty-ninth day of May following, defendant served and filed notice of motion, under section 473 of the Code of Civil Procedure, to vacate said judgment on the ground of excusable neglect. The motion was heard and denied June 7, 1884, and this appeal is from the order of denial.

The motion was heard upon the judgment roll in the case, and upon the affidavits of defendant and Woods Crawford, his attorney in the case, and the counter-affidavit of Josiah Johns on behalf of plaintiff.

In *McKinley* v. *Tuttle*, 34 Cal. 235, it was held that where a defendant appeared at the trial, the proper remedy for excusable negligence or surprise, whereby he was prevented from presenting his defense, was by motion for a new trial, and not by motion for relief from the judgment under section 68 of the Practice Act. That section corresponds with section 473 of the Code of Civil Procedure.

Our attention is not called to any case in which a judgment has been set aside under section 473 of the code, after the hearing of a motion for a new trial, for a cause or causes which could have been urged with equal force on such motion.

The same affidavit of defendant to show excusable neglect relied upon here was presented on the motion for a new trial.

True, the bill of exceptions and affidavit were disregarded on that motion, because not filed and served in time.

We may concede that would afford good cause in support of this motion, if a sufficient excuse for not serving

and filing them in time was presented. The time for serving and filing these papers expired on the third day of May, 1884.

According to the affidavit of Woods Crawford, the attorney of the defendant, he received these papers at Lakeport on the second day of May, and "that on the sixth day of May, 1884, and as soon as affiant could do so, affiant served and filed said affidavit and bill of exceptions."

No reason is attempted to be given why the papers could not be served on the 2d or 3d of the month instead of waiting until the 6th.

To make a case of excusable neglect, the reasons for the delay should be set forth, in order that the court may pass upon their sufficiency.

Assuming, then, without determining the fact, that defendant had a valid excuse for not being present at the trial, and the case stands thus: he moved for a new trial on affidavits and a bill of exceptions, in the former of which he set out his excuse for not appearing at the trial; but without any cause so far as appears for the delay, he failed to serve and file these papers in time, and in consequence thereof they were disregarded on the motion.

This was not such excusable neglect as will warrant the granting of a motion to set aside the judgment under section 473 of the Code of Civil Procedure.

The order appealed from in No. 9694 should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from in No. 9693 are affirmed, and in No. 9694 the order appealed from is affirmed.