[Civ. No. 3320. Third Appellate District.—October 24, 1927.]

EVA L. RICKS, Respondent, v. JOSEPH ADORNI, Appellant.

Metzler & Mitchell for Appellant.

P. H. Ryan for Respondent.

FINCH, P. J.—Judgment was entered in favor of the plaintiff for the amount demanded in the complaint, and the defendant has appealed therefrom. The complaint alleges:

"That defendant became indebted to plaintiff in the sum of $1000.00 as and for the rent of those certain premises Nos. 211 Fourth street and 514 Second street in the city of Eureka, county of Humboldt, state of California, for the period of eight months commencing on the first day of June, 1925, at the monthly rental of $125.00, payable monthly in advance on the first day of each and every month and that defendant promised and agreed to pay said rental at said rate; that defendant has not paid said indebtedness nor

any part thereof and that said sum of $1000.00 is now due, owing and unpaid from defendant to plaintiff.''

Appellant contends that the complaint does not state a cause of action. Complaints in substantially the same form have been so often held sufficient in this state that discussion of the question is deemed unnecessary.

In appellant's brief it is said: ''We hesitate to set forth all of the evidence given in the case but will set forth that testimony which we believe establishes the facts of the case by the great preponderance.'' The evidence which is most favorable to the appellant is then quoted. This method of presenting an appellant's case is ordinarily futile. The question on appeal is not whether there is sufficient evidence to warrant a judgment for the appellant, but whether the judgment rendered is substantially supported by the evidence.

It substantially appears from the evidence that Ted Regos held, under a lease from the plaintiff, certain rooms in a building on the premises described in the complaint, in which he conducted a restaurant known as the Liberty Cafe; that he became heavily indebted to various persons, of whom the defendant was the largest creditor; and that in the spring of 1925 Regos, the defendant, and the agent of the plaintiff held a consultation relative to such restaurant business. Plaintiff's agent, P. H. Ryan, who is her attorney in this action, testified: ''By appointment, Mr. Adorni and Mr. Ted Regos met with me in my office and it was explained to me in the presence of all three of us that Mr. Regos was financially upon the rocks and he was leaving here, . . . and that he desired and was going to turn the whole business over to Mr. Adorni who had a large mortgage . . . upon the fixtures and equipment of the Liberty Cafe. And he stated in substance and effect that he was abandoning the place to Adorni; . . . and he wanted to know, and Mr. Adorni wanted to know from me as Mrs. Rick's attorney and agent if it would be satisfactory to her and to me for him, Adorni, to take over the place, and I asked Adorni if he would accept an assignment of the lease so as to obligate himself for all the rents under the lease, and he refused to do it, said in substance, or the idea he gave me was he was not willing to bind himself for all the rent that might accrue under the lease until it expired.

Then I told him that that was all right with me to go in there, and he could take the place provided he paid the rent, and he answered that he would pay the rent. He stated that he thought he could operate the place and build the business up and sell it or dispose of it and thus get enough money out of it to pay his own claim and possibly enough out of it to settle the debts of the other creditors. . . . Regos left. . . . He abandoned the leased premises, stated in effect and in substance that he was turning them over to Joe Adorni, and in his presence and the presence of Adorni, I gave Adorni to understand that he must pay the rent if he kept the place. . . . He stated in substance and effect that he would pay the rent as long as he occupied it. . . . Several times I telephoned and dunned him for the rent . . . and he repeatedly asked me for a reduction of the rent.'' The plaintiff testified that the defendant stated to her that he would pay the rent; that in July, 1925, he paid her back rent due from Regos in the sum of $300 and said that ''he would pay the future rent''; that he said, ''I will pay it while I am there and have full charge''; that ''he had taken over the business and was going to handle it, try to pull it out,'' that ''he owned the fixtures and that he was going to manage it,'' that ''he owned everything in there, and he was going to fix it up and sell it,'' that ''Regos was out of it entirely.'' Admittedly the defendant was in possession of the premises and conducting the business in question in some capacity during the whole period for which the plaintiff claims rent. In his answer the defendant alleges ''that said defendant had nothing whatsoever to do with said premises except to act in the capacity of a trustee for the creditors of said Ted Regos, among said creditors of whom was said plaintiff.''

Some testimony was introduced in support of this allegation, but the evidence quoted herein is amply sufficient to support a finding to the contrary and to the effect that the defendant conducted the business on his own account and for his individual benefit alone.

The written lease under which Regos held the premises was not canceled by an instrument in writing or terminated in any other formal manner, but Regos abandoned the premises and the plaintiff took possession thereof through the defendant as her tenant. Under the circum-

stances shown by the evidence, Regos would be estopped from asserting any right of possession under the lease. ██ "On a tenant's abandonment of the premises, the landlord may re-enter, and take unqualified possession, for his own benefit, in which case the tenancy is at an end." (15 Cal. Jur. 797.) The lease being so terminated, the plaintiff had the right to lease the premises to the defendant.

██ The defendant offered in evidence the account-books of the Liberty Cafe kept under his direction during the time he had charge of the business. The court sustained the plaintiff's objection to the introduction of such evidence. No part of such account-books appears in the record, and therefore it cannot be determined whether or not the ruling was erroneous or prejudicial. (2 Cal. Jur. 275.)

The lease under which Regos held the premises provided for payment of rent at the rate of $125 a month. The plaintiff testified that the reasonable rental value of the premises was $125 a month. Whether the defendant was bound to pay at the rate provided in the lease, therefore, or the reasonable rental value, the result is the same.

The judgment is affirmed.

Weyand, J., *pro tem.*, and Hart, J., concurred.