[Civ. No. 24. Fourth Appellate District.—September 27, 1930.]

RENE QUATACKER et al., Appellants, v. GEORGE HUTTON, Respondent.

Head, Wellington & Jacobs for Appellants.

Harvey & Harvey, Z. B. West and S. B. Kaufman for Respondent.

BARNARD, J.—This is an action for damages for injuries sustained in an automobile accident at a street intersection. The complaint sets forth a cause of action for damages to the car belonging to the plaintiffs, and a second cause of action covering personal injuries sustained by plaintiff Marie Quatacker. The answer denies negligence on the part of the defendant and alleges the contributory negligence of the plaintiff Marie Quatacker. After a trial without a jury the court entered judgment for the defendant, based upon findings of fact to the effect that both parties were negligent, and that any damages sustained by either of the plaintiffs was due directly and proximately to their own contributory negligence, in that Marie Quatacker so negligently operated plaintiffs' automobile at the time and place in question, that she by her negligence, proximately contributed to the injuries complained of. The plaintiffs have appealed upon the sole ground that the evidence is not sufficient to sustain these findings as to contributory negligence.

It is conceded that the collision occurred at an intersection where the view was sufficiently obstructed to bring it within the provisions of section 113, paragraph (b), subdivision 2, of the California Vehicle Act, as in force in 1927; and a speed of more than fifteen miles per hour at that point would therefore constitute some evidence of negligence. (*Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045].) Such evidence might be sufficient to establish negligence. That it was established in this case has been held by the trial court. If, then, there is evidence in the record from which the inference may legitimately be drawn that plaintiff Marie Quatacker was in fact crossing said intersection at a rate of speed greater than fifteen miles per hour, that her speed was negligent under the existing conditions, and that such excessive speed contributed to the accident, the findings of the court are sustained.

Appellant Marie Quatacker testified at the trial that when she crossed the intersection itself she was going from

thirteen to fifteen miles per hour; that as she arrived at the intersection she looked to the right and the left, saw no one coming and did not see defendant's car until she was over halfway across; and that she was stepping on the gas when she saw the other car coming and continued to do so, as she tried to get out of the way. As to her speed before she reached the intersection, she said she had not looked at the speedometer, but was sure she was not going over twenty-five miles per hour, as she never exceeded that speed when she had her baby with her. There was introduced in evidence a written statement made by this appellant shortly after the accident, which contained the following:

"On August 24, 1927, at 3 o'clock in the afternoon, I was driving my Buick Sedan south on Tustin Blvd. near Santa Ana, and approaching the intersection of McFadden Street, which crosses Tustin at right angles. I was going 25 miles per hour at the intersection, and had reached the edge of the McFadden Street pavement on the north side of the intersection with my front wheels, when I first saw another car coming from my left—that is, from the east. I had no time to stop and did not apply my brakes as it was too late to stop, but I did try to get by across in front of him. I don't remember whether I stepped on the gas or not, or whether I turned any to the right. I wanted to get by so the other car would not hit my car in the middle."

Appellant insists that the speed of twenty-five miles per hour mentioned in this statement, refers to a point before she had reached the intersection, and that this is not contradictory to her statement at the trial that she was crossing the same at a speed of from thirteen to fifteen miles per hour. The statement is at least such as to justify the inference that she was going twenty-five miles per hour, as she reached the beginning of the intersection and this, coupled with her statement that when she reached the edge of the intersection she first saw the other car approaching, that she had not time to stop, did not apply her brakes, but did try to get across in front of the other car, and her statement at the trial that when she first saw the other car she was stepping on the gas and continued to do so in an effort to get across ahead of the other car, seems to justify the infer-

ence that she increased rather than diminished her speed. There was also evidence that the car driven by the respondent was first to enter the intersection; that it entered the same at a speed of from twenty to twenty-five miles per hour; that it struck the appellants' car at the rear door and the rear wheel; that the collision occurred near the center of the intersection. These facts, taken in connection with her statement that she was stepping on the gas in an effort to cross ahead of the other car, confirm the inference that may reasonably be drawn from the preceding evidence, that she was proceeding at a rate in excess of fifteen miles an hour, since she was able to almost clear the path of respondent's car, although he entered the intersection first and at an unlawful speed. Further support is found in the undisputed fact that when the collision occurred, respondent's car remained at the point of impact, while appellants' car went straight ahead and a little to the right for a distance of thirty feet, where it turned around and tipped over on its side.

█ The law is well settled that where there is any substantial evidence to sustain findings of fact by a trial court, they will not be disturbed on appeal. (*Ricks* v. *Adorni*, 86 Cal. App. 284 [260 Pac. 815]; *Anglo American Land Co.* v. *Heine*, 52 Cal. App. 472 [298 Pac. 1009].) The findings here complained of are amply supported by the evidence referred to, with the inferences that may legitimately be drawn therefrom.

The judgment is affirmed.

Marks, Acting P. J., and Warmer, J., *pro tem.*, concurred.