[Civ. No. 582. Fourth Appellate District.—January 16, 1932.]

E. EDGAR ROSS et al., Appellants, v. C. A. SWEETERS, Sheriff, etc., et al., Respondents.

J. Edgar Ross and Anna M. Ross, *in pro. per.*, for Appellants.

Robert E. Nelson, Frank Birkhauser and D. C. Bitler for Respondents.

LAMBERT, J., *pro tem.*—In this case plaintiffs J. Edgar Ross and Anna M. Ross, his wife, brought a suit against C. A. Sweeters, then sheriff of Riverside County, and Thomas B. Busby and Eleanor S. Birkhauser, sureties on an indemnity bond executed to the sheriff in connection with the levy of the execution which is the subject of controversy in this action. The execution was issued out of the Superior Court of Imperial County and was in favor of Frank Birkhauser and against J. Edgar Ross only and was levied on the seventeenth day of June, 1927, by L. J. Tobias, a deputy sheriff of Riverside County, over the protests and objections of plaintiff J. Edgar Ross. The execution was actually levied upon some cherries which were still on the trees and on the 23d or 24th of June were turned over to the constable of Beaumont township by the deputy sheriff when a demand was made in a claim and delivery action against the defendant sheriff instituted by the plaintiff J.

Edgar Ross. The defendant bondsmen appeared in the action and answered the complaint but did not appear at the trial to defend the action. The only brief filed by respondents on the appeal is the brief of C. A. Sweeters. The plaintiffs in their third amended complaint alleged that by reason of the delay in picking, part of the cherries were lost by becoming overripe and falling to the ground and the rest greatly deteriorated in value to plaintiffs' damage in the sum of $359.01, and that the plaintiffs were entitled to $100 for time and money expended in pursuit of the cherries. It is further alleged that the levy was wrongful, oppressive and malicious and plaintiffs asked exemplary damages in the sum of $1,000. The answer of the defendant Sweeters admitted that defendant C. A. Sweeters was the duly elected, qualified and acting sheriff of Riverside County; that the plaintiffs were husband and wife and that on and prior to the third day of April, 1925, Anna M. Ross, one of the above-named plaintiffs, owned the real property described in the complaint as lot 1, in block 180 of the city of Beaumont, county of Riverside, and that on or about said date she had filed a proper homestead on said property, a record of which is recorded in book 5, on page 61 of Homesteads; admitted the execution of the indemnity bond by the defendants Busby and Birkhauser; also admitted the postponement of the execution sale, all as alleged in the plaintiffs' third amended complaint. The answer, however, denied the fraud in connection with the matter as alleged in paragraph V of the complaint and denied the use of any force as alleged in paragraph IX of said complaint and denied that there was any damage to the plaintiff by reason of the matters alleged in paragraph X of plaintiffs' complaint and denied that the levy was wrongful, oppressive and/or malicious or was done for the purpose of annoying the plaintiff Anna M. Ross as alleged in paragraph XI of the third amended complaint and also denied the claim for punitive damages. For further and separate defense there was an attempt to plead a prior judgment in bar of the action. It was insufficient as a pleading, but no evidence was introduced in support of it or finding made regarding it. The bondsmen, Busby and Birkhauser, denied all of the allegations of the complaint either for lack of information or belief or positively, except

the capacity of the sheriff and the execution of the bond. Upon these issues the case went to trial and the court practically found that all the allegations of plaintiffs' third amended complaint were not true, except the matters admitted, and also found that the levy of execution was unlawful for the reason that it was on property not belonging to the judgment debtor, and was also covered by a valid homestead (Civ. Code, sec. 1265), and gave a judgment against all of the defendants for nominal damages only. Plaintiffs prosecute this appeal under the provisions of section 953a of the Code of Civil Procedure and bring up a typewritten record.

The appellants state that while the appeal is necessarily from the judgment, they hereby ask the court to review the following intermediate orders and rulings of the trial court which they specify as errors of law: First, denial of plaintiffs' motion to strike certain parts of the answer of defendant Sweeters; second, sustaining defendants' objection to testimony as to the market value of fruit levied upon on the ground that it was not definitely fixed as on the date of the levy; third, striking testimony regarding the actual value of fruit on day of levy; fourth, sustaining objection to offer to prove actual value of fruit on date of levy; fifth, ruling that the market value at the time of levy and not the actual value to the owners is the controlling factor in arriving at the basic of damages; sixth, denying the motion for a new trial. Then appellants state: "But appellants' chief objection and their main reliance on this appeal is this, that paragraphs X, XI and XII of the findings of fact are not only entirely without support in the evidence, but are directly opposed to all the evidence given on the subjects there treated." These findings to which objection is made are:

"10. That it is not true that by reason of the delay in the picking of said fruit a part thereof was lost by becoming overripe and falling to the ground and the residue greatly deteriorated in value. That the plaintiffs herein were and are not damaged in the sum of $359.01 or in any amount whatsoever by reason of said delay in the picking of said fruit or otherwise or at all. That the plaintiffs were not compelled to, and did not spend time and money or time or money in the pursuit of said property.

"11. It is not true that the defendant sheriff and/or Frank Birkhauser falsely and/or fraudulently represented to this court that said execution was against the property of J. Edgar Ross and/or Anna M. Ross and/or was based on the judgment against both of said plaintiffs and/or caused to be filed in this court an affidavit so alleging and/or acting upon the said fraudulent representations and/or based upon the aforementioned affidavit procured from this Court an order directing the defendant sheriff to shorten the time of notice of sale of said personal property to eight hours.

"It is not true that the defendant sheriff fraudulently and/or falsely represented to plaintiffs that said execution was against the property of J. Edgar Ross and/or·Anna M. Ross and/or was based on the judgment against both plaintiffs, and/or acting upon said fraudulent representations and/or the purported authority of said order forcibly entered on the premises heretofore described.

"12. The court finds that said levy was made by the said L. J. Tobias without any purpose of harassing or annoying the plaintiff Anna M. Ross, and that the said acts of the said L. J. Tobias were not oppressive or malicious but were done by him in good faith.

"That the plaintiffs have not been, and are not damaged in the sum of $1,000.00 or any sum as exemplary damages or at all."

Appellants' argument on their motion to strike consists of the following: "In regard to the first specification of error appellants believe that the motion to strike reproduced on page 19 is sufficient without argument or citation to show that the matter therein objected to in the answer of defendant Sweeters should have been stricken." Appellants make no attempt to show any error in denying this motion or that appellants were in anywise prejudiced by the denial of the motion. We have, however, examined the motion and find that while it should have been granted in part, no possible prejudice resulted to the appellants for the reason that no evidence was addressed to the objectionable matters or findings made thereon. As to their specifications of error at law 2, 3, 4 and 5, these are not argued separately in the brief and appellants state they are all closely related, and we are inclined to treat them in the same manner.

█ We now come to the merits of the case. The appellants' contention is that they should have had substantial compensatory damages and also punitive or exemplary damages. As to the compensatory damages, there was considerable confusion by all parties in the trial of the case as to what was the proper measure of damages. It appears from the record in the case that there might have been two items which would have entered into the compensatory damages, that is to say, the deterioration of the cherries while in the possession of the sheriff under the writ and also the loss of the cherries by becoming overripe and dropping on the ground, if such was the fact.

In *Dorsey* v. *Manlove*, 14 Cal. 553, at 556, it is said:

"Where no question of fraud, malice or oppression, intervenes, the law limits the relief to compensation, as that term is legally understood; and in such cases the measure of relief is purely a matter of law. But where the trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of great hardship or oppression, the rule of compensation is not adhered to, and the measure and amount of damages are matters for the jury alone. In these cases the jury are not confined to the loss or injury sustained, but may go further and award punitive or exemplary damages, as a punishment for the act, or as a warning to others. We think these views are fully sustained by the authorities."

As to the first item, that is, the depreciation of the value of the cherries, we are not prepared to say that the measure of damages which the court adopted was erroneous. The appellants set forth the general rule as follows: "The general rule is that where one recovers property which had been wrongfully taken from him, he is considered as having received it in mitigation of damages, and the measure of damages in the absence of special damage, is the expense of procuring its return with interest. But he may recover for any injury to the property during the period of wrongful detention. The provisions of section 3336 of the Civil Code fixing the measure of damages for the conversion of personal property apply only where the property is not returned or recovered and does not affect the rule here announced." (8 Cal. Jur. 781.)

As in this case, where the cherries were returned, the damages would undoubtedly be the injury or loss suffered during the time between the levy and return, and the difference in the market value on those dates might be as proper a way to arrive at it as any other method, where there were no other special circumstances pleaded. However, it is not necessary to decide this point, for we find in the record the following:

"The Court: The question as to the measure of damages, it seems to me, would be the difference in market value, providing the cherries were ready to market. There is some evidence here they were about to be sold, or part of them has been sold . . .

"The Court: Well, now, wouldn't it be what was the market value of the crop on the 17th of June, and the market value of the crop on the 23rd, the difference being the damage?

"Mr. Ross: That is what we are claiming."

The defendant C. A. Sweeters also acquiesced in this rule of damages. In 2 Cal. Jur. 238, it is said: "When an action is tried on the assumption acquiesced in by both sides that a certain rule for the measure of damages is correct, the defeated party cannot on appeal urge that the standard by which the damages were assessed was not the correct one."

This text is supported by the following authorities: *Durkee* v. *Chino Land & Water Co.*, 151 Cal. 561–570 [91 Pac. 389] ; *Kincaid* v. *Dunn*, 26 Cal. App. 686 [148 Pac. 235] ; *Kaufman* v. *Tomich*, 208 Cal. 19–26 [280 Pac. 130].

The plaintiffs did not prove or offer to prove the market value of the cherries on the date of the levy or any date subsequent thereto. ▪ As to the ruling of the court on the objection to plaintiff's offer to prove that the cherries had been sold by a contract to the L. and A. Produce Company, the record shows the following:

"Mr. Ross: If the Court please, I ask leave to reopen my case for additional proof. Under the ruling of the court I may not be permitted to prove it, but I offer to prove that all the cherries on that orchard had been sold by contract to the L. and A. Produce Company. That part of the purchase price had been paid; that the price at which they were sold was to be two cents less than the previous day's quotation of the

United States Government Market News service in Los Angeles, and that on that particular date a truckload of cherries, Royal Anne cherries were delivered in pursuance of the terms of this contract, at the price of 7 cents per pound.

"Mr. Nelson: May I ask if that contract was in writing?

"Mr. Ross: And that the contract was in writing.

"Mr. Nelson: I object to that, if your Honor please, on the ground it is incompetent, irrelevant and immaterial to prove damage in this case, and on the further ground that the contract being in writing, the contract itself would be the best evidence of its contents.

"The Court: The objection will be sustained."

Plaintiff did not offer to produce the contract. The ruling was correct on the grounds stated, that the contract being in writing it was the best evidence, irrespective of the general grounds also assigned.

In view of this record here we certainly find no prejudicial errors in the rulings of the court, either on the admission of evidence or on the orders striking out certain evidence. The evidence offered and excluded was either not within the measure of damages agreed on by the parties, or was objectionable on other grounds. The same may be said of the evidence stricken. ■ As to the second item, that is, the loss of cherries by becoming overripe and dropping to the ground, the evidence was so vague and indefinite as to this item that it would have been extremely difficult, if not impossible, for the court to find any particular amount. In *Selden* v. *Cashman,* 20 Cal. 56, at page 67 [81 Am. Dec. 93], it is said, in speaking of a case very similar to the one at bar: "The right of recovery is necessarily limited to such damages as are susceptible of computation."

■ As to the $100 claimed for the money properly expended in pursuit of the cherries, while this is a proper item of damages, the plaintiffs did not prove or offer to prove any amount of money expended or the value of any work in pursuit of the property, so naturally the court could not fix any amount (24 Cal. Jur., p. 1055). The court was therefore correct in allowing nominal damages only. The case, stripped to its essentials, is one of a simple trespass and the court was also right in not allowing exemplary damages.

Appellants contend, however, that they should have had exemplary damages under the provisions of section 3294 of the Civil Code, which reads: "In an action for the breach of an obligation not arising from contract where the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff in addition to the actual damages may recover damages for the sake of example and by way of punishing the defendant."

There are three answers to this contention of appellants. In the first place, the evidence in the case failed utterly to show any fraud, oppression or malice. Furthermore, the plaintiffs stipulated that L. J. Tobias, the deputy sheriff, in levying the execution and in all that he did, was acting entirely free of malice or ill will, other than legal malice, toward the plaintiffs or either of them and that he acted at all times in good faith. In the second place, what is known as malice in fact, as distinguished from malice in law, must exist before punitive or exemplary damages can be given. Appellants quote the definition of malice as "legal malice, or the malice aforethought of the statute, denotes a wrongful act done intentionally, and without legal cause or excuse". (*People* v. *Taylor,* 36 Cal. 255.) In other words, appellants contend that malice in a legal sense simply means a wrongful act done intentionally, without just cause or excuse. This is true so far as supporting an award of compensatory damages is concerned, but malice in fact goes to the state of mind and evil motive of defendant and the burden of proving the existence of that state of mind is in every case upon the plaintiff who seeks an award of punitive damages based upon its existence, and whether this state of mind existed is always a question for the court or jury to determine. (*Taylor* v. *Hearst,* 107 Cal. 262 [40 Pac. 392]; *Trabing* v. *California Nav. Co.,* 121 Cal. 137 [53 Pac. 644]; *Davis* v. *Hearst,* 160 Cal. 143 [116 Pac. 530].) In the third place, the deputy sheriff who made the levy is not a party to the action, and while the sheriff and his bondsmen would be liable for compensatory damages they would not be liable for punitive or exemplary damages unless they had knowledge of the conduct of the agent and had acquiesced in or ratified his actions. This was definitely held in the case of *Foley* v. *Martin,* 142 Cal., page 256 [100 Am. St. Rep. 123, 71 Pac. 165, 75 Pac. 842].

There was absolutely no evidence in the record as to the sheriff's knowledge or ratification of this transaction. As was said in *Selden* v. *Cashman, supra,* at page 67: "There was nothing extraordinary in the circumstances attending the seizure and the course ordinarily adopted in such cases seems to have been substantially pursued. The seizure was undoubtedly a hardship upon the plaintiff but there is no evidence of any wrongful design or willful misconduct tending to aggravate the offense."

There was ample evidence to support the findings made by the trial court to which objection is made. This being so, it follows that this court may not disturb them. (*Quatacker* v. *Hutton,* 108 Cal. App. 606, at 609 [292 Pac. 140].) This, we believe, disposes of the points raised by the appellants and we see no merit in the appeal.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.