[Civ. No. 16698.    Second Dist., Div. Two.    Mar. 21, 1949.]

ALBERT J. DOWNER et al., Appellants, v. ELMER W. BUEHRLE et al., Defendants; BLANCHE AVE-DISIAN, Respondent.

Rinehart, Merriam, Parker & Berg for Appellants.

Wendell P. Hubbard for Respondent.

MOORE, P. J.—On January 20, 1941, defendants Buehrle executed a writing whereby they leased to appellants for a period of five years certain realty and improvements in Pasadena. The lease provided that should appellants during their faithful performance of the lease desire to purchase the premises, the Buehrles would sell same to appellants "at any time during the faithful fulfilment of the above lease" for $3,500 and all moneys paid by lessors on account of the property for taxes, insurance and assessments, with 6 per cent interest per annum, compounded monthly, from the commencement of the lease. The instrument makes no mention of the manner or method for the exercise of the option.

After the lease had expired the Buehrles conveyed the premises to respondent. Although appellants did not faithfully perform all covenants imposed upon them by the lease and did not pay or tender the purchase price at any time, after the expiration they instituted action for specific performance alleging that they had elected to buy the property pursuant to their option and had "orally or otherwise" so advised the Buehrles. The court found contrary to such allegations and entered judgment in favor of all defendants.

The questions presented for decision are (1) did the court improperly exclude evidence tending to show an exercise of the option contemporaneously with the execution of the lease, and (2) did appellants tender payment of the option price during the five-year term?

The trial court ruled that "there is nothing ambiguous in the option" and therefore properly concluded that evidence as to conversations occurring prior to the execution of the lease could not be considered in determining any of the issues under the contract. Since all the testimony which

appellants assert was admissible pertained to conversations leading up to the execution of the agreement, and since that instrument is entirely unambiguous, such evidence was properly excluded. (Code Civ. Proc., § 1856; *Ross* v. *Sweeters,* 119 Cal.App. 716, 723 [7 P.2d 334]; 10 Cal.Jur. § 134, p. 853.) Furthermore, such evidence could not show an exercise of the option to purchase because no option was given until the lease was executed.

However, the court did not entirely exclude the disputed evidence. It heard the testimony merely for the purpose of explaining the circumstances of the execution of the lease and refused to strike the conversations for that reason.

Thus it is apparent that the evidence which appellants contend was improperly excluded was in fact admitted for the limited purpose for which appellants proffered it, namely to show an exercise of the option contemporaneously with the execution of the lease, and the same evidence was properly excluded insofar as it tended to vary the explicit terms of the written agreement.

■ Conceding that appellants did at some time advise the Buehrles that they wished to exercise their option, still there was no election to exercise it. Where a person is granted the privilege of buying a property at a specified sum within a stipulated period, it is no more than an offer and is utterly meaningless if not accepted by a tender of the option price within the time designated (*Upton* v. *Travelers Insurance Co.,* 179 Cal. 727, 729 [178 P. 851, 2 A.L.R. 1597]) and the acceptance must be positive and unambiguous. (*Laird* v. *McPhee,* 90 Cal.App. 136, 139 [265 P. 501].) Where the payment of the purchase price of land by an optionee and the delivery of the conveyance thereof are mutual and independent covenants, neither can be put in default without first tendering performance to him, during the term of the option. For the purchaser to make a valid tender he must have the money at hand under his control and be ready and willing to pay it and must actually produce and offer it to the optioner upon the latter's delivery of a good and sufficient conveyance. (*Mott* v. *Cline,* 200 Cal. 434 [253 P. 718]; *Staudigl* v. *Harper,* 76 Cal.App.2d 439, 446 [173 P.2d 343]; *Heine* v. *Treadwell,* 72 Cal. 217, 220 [13 P. 503].) Therefore, when a lessee has failed fully to perform the requirements of the option contained in his lease, viz., paying the price within the term, he is without remedy.

■ Not only did appellants never make a tender, but they did not even open an escrow or request the Buehrles to do so for the purpose of consummating a purchase. They did not believe they had an option at the time of the sale to respondent. They knew that whatever right to purchase they had acquired by their lease had expired in January, 1946. They did not have the money to buy the property. In fact, by reason of their lack of funds in 1941 and of their personal relationship to the Buehrles, the latter accepted $30 monthly whereas the house had theretofore rented at $50. They never at any time suggested procuring a loan in order to make the purchase. While Mr. Downer was in the service in the Philippines in 1946 four separate notices dated variously from March 30 to June 26 were served upon his wife for violations of the lease and to pay rent or quit. In July he wrote his wife that he was sorry "Elmer couldn't have waited until I got home before going ahead." Action was filed in November, 1946, by the Buehrles for one month's rental. Appellants did not claim then that they had exercised the option to purchase but paid the rent. Although Mr. Downer returned to civil life November 11, 1946, and had been at home for several months he did not call upon the Buehrles or assert claim to an interest in the property with the exception of the declaration to respondent on the occasion of her visit to inspect the place in December. The claim asserted then was that they still had an option to purchase—not that they had ever elected to buy. They declined to interfere in respondent's escrow for consummating her transaction in December with the Buehrles and did nothing until three months after respondent had acquired title to the home.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.