[Civ. No. 17011.   Second Dist., Div. One.   July 7, 1949.]

EDMUND BRANT et al., Appellants, v. CLARK O. BIGLER, Respondent.

Alfred Beck and Elsa Kievits for Appellants.

Cecil L. Lacy, Ernest L. English and French & Indovina for Respondent.

WHITE, P. J.—This is an appeal by plaintiffs from an adverse judgment in an action for declaratory relief wherein plaintiffs sought a declaration that defendant had defaulted under an agreement to purchase certain real estate from plaintiffs and that plaintiffs were entitled to recover and retain the sum of $1,000 paid by defendant and deposited in escrow pursuant to the agreement of sale. The judgment of the trial court was that plaintiffs take nothing and that the escrow holder return to defendant the $1,000 deposited by him.

On May 18, 1946, the parties entered into a written agreement for the sale of the real property involved by plaintiffs to defendant for the sum of $14,500. The agreement recited the receipt by plaintiffs of the sum of $1,000 to apply on the purchase price, and provided that the buyer would ''deposit an additional $13,500 and his necessary instruments in escrow with the Santa Monica Escrow Co. within 35 days.'' The agreement contained the further provision that: ''The seller is to furnish at his expense in said escrow a Deed and a Policy of Title Insurance showing title condition as provided for above. In the event same is not furnished within a reasonable time, then buyer shall have the right to cancel this agreement and his deposit is to be returned.''

With respect to default by the buyer, the agreement provided: ''If buyer fails to deposit the money and his instruments and complete the purchase as provided herein, then the seller shall be relieved of any obligation hereunder, and may retain the deposit of buyer as consideration for accepting this agreement.''

On May 20, the plaintiffs executed escrow instructions and delivered defendant's check for $1,000 to the escrow agent. A day or two later defendant signed ''buyer's instructions'' reading, in part: ''I will hand you $14,500 ($1,000 having been deposited herewith) and any additional funds and instruments, required from me to enable you to comply with these instructions, which you are to use provided on or before June 24, 1946, instruments have been filed for record entitling you to procure Standard Owner's or Joint Protection policy of title insurance, with title company liability for the amount of total consideration . . . showing title vested in Clark O. Bigler, a widower. . . .''

The sellers' instructions, on the same printed form as defendant buyer's, stated that sellers would hand the escrow agent ''all instruments and money necessary for me to comply therewith, including a deed, . . . which you are authorized

to deliver provided you hold in this escrow for the account of the parties executing said deed the money and instruments deliverable to *me* under these instructions. . . .'' It was further directed by the sellers that ''You are instructed to transfer the net proceeds of this sale to the Glendale Federal Savings and Loan Association . . . for credit to our account in their Escrow No. 814 wherein we are acquiring title to the above property. It is requested that you file concurrently with them.''

As appears from the foregoing, and as is conceded to be the fact, the sellers were without title to the property, but proposed to acquire title through an escrow pending in Glendale Federal Savings and Loan Association and further proposed to use the purchase-money to be deposited by defendant in the Santa Monica escrow to consummate the transfer in the Glendale escrow. The plaintiffs could not deliver title unless and until defendant had deposited the full purchase price in the Santa Monica escrow, and then only through the device of simultaneous delivery of deeds and money in the two escrows.

On June 6, 1946, the Santa Monica escrow was amended to provide that defendant should deposit the sum of $9,100 instead of $13,500 as the balance of the purchase price, the difference of $5,400 being represented by an existing mortgage encumbrance on the property.

On June 26, 1946, defendant advised the Santa Monica escrow agent in writing that he was unable to complete the escrow and asked that it be cancelled and his $1,000 returned.

It appears that plaintiffs had made a written agreement to purchase the property from Mr. and Mrs. Reeves for $13,500 and had made a $500 deposit; the Reeves in April, 1946, had deposited a deed to plaintiffs in the Glendale escrow, under the terms of which plaintiffs were required to pay the purchase price into escrow on or before June 24, 1946. The plaintiffs having failed to place the required funds in the escrow, it was cancelled by the Reeves on June 28, 1946.

It is asserted by appellants that the trial court erred in the following particulars:

''1. Finding of Fact No. 4 to the effect that Santa Monica (Escrow Company) 'could not lawfully use the buyer's said funds until the plaintiffs were first vested with title to said real property' is not supported by the evidence and results from a misinterpretation of the contract between the parties and the escrow instructions given pursuant thereto.

''2. The findings and judgment place a construction upon the contract and escrow instructions which is not supported by but is contrary to the terms and provisions of those writings.''

It is appellants' contention that defendant was not entitled to disaffirm the contract on the ground that when it was entered into plaintiffs did not have title; in fact, he never did disaffirm it on that ground; and that defendant having failed to deposit the purchase price in escrow, pursuant to the terms of the contract, plaintiffs are entitled to retain the $1,000 deposit as consideration for making the agreement.

We are in accord with the views of the trial judge as expressed in his ''Memorandum Ruling'' upon the rendition of judgment: ''Defendant did not agree that the plaintiffs could use the money, nor did he agree it or any part of it could ever be transmitted out of escrow until he was vested with title. He had a right to stand on his own contract. The plaintiffs could have put the defendant in default on or prior to June 24, 1946, had they borrowed money or otherwise procured the grant deed from the Reeves and delivered it to the Santa Monica escrow. As they did not do so, they likewise defaulted on June 24. That being the situation they cannot predicate any cause of action against the defendant.''

In a contract for the sale of real estate the delivery of the deed and the payment of the purchase price are dependent and concurrent conditions. (*King* v. *Stanley,* 32 Cal.2d 584, 590 [197 P.2d 321]; *Cates* v. *McNeil,* 169 Cal.App. 697, 706 [147 P. 944]; *Whittier* v. *Gormley,* 3 Cal.App. 489 [86 P. 726]; Civ. Code, § 1657.) Neither party to such a contract can place the other in default unless he is able to perform or tender performance. (*Downer* v. *Buehrle,* 90 Cal.App.2d 719 [203 P.2d 795]; *McDorman* v. *Moody,* 50 Cal.App.2d 136 [122 P.2d 639]; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199].) As stated in 55 American Jurisprudence, page 930: ''. . . To entitle a vendor to declare a forfeiture of the contract and retain a deposit or purchase money paid, there must have been an offer or ability on his part to perform dependent or concurrent stipulations . . . It has also been held that a vendor, who, at the time of contracting to sell land, has not perfected his title to it, cannot claim a forfeit deposited by the purchaser to secure performance on his part on the latter's repudiation of the contract before the time for perform-

ance arrives, unless he shows that he has perfected his title so as to be in a position to perform his own agreement.''

It may be that appellants could have conveyed a good title had they been able to ''use'' funds deposited by respondent in the Santa Monica escrow for the purpose of consummating the Glendale escrow, but respondent never agreed that the funds to be deposited by him could be so used and respondent was not a party to the Glendale escrow. Appellants argue that the use of an escrow distinguishes this case from those which hold that a vendor must make a good tender in order to place the vendee in default. This contention cannot be upheld.

Under the contract, appellants could not put respondent in default without tendering performance. Under the escrow instructions the escrow holder could ''use'' the funds to be deposited only ''provided on or before June 24, 1946, instruments have been filed for record.'' Appellants could not perform unless they ''used'' the funds in order to accomplish the very thing which was a condition precedent to their right to ''use'' the funds.

Concededly, the parties hereto were each attempting to realize a profit through purchase and immediate resale of the property without investing or risking any substantial sum, and also concededly, respondent was fully aware of the fact that appellants proposed to consummate the transaction through the transfer of the funds to the Glendale escrow and the simultaneous delivery and recording of instruments. Nevertheless, neither the contract nor the escrow instructions authorized the appellants to use the funds of respondent to acquire the title which they had agreed to convey. Undoubtedly, an agreement and instructions could have been drawn so as to express the intention that respondent's funds were to be so used, but this was not done. Further, assuming that a construction in accord with appellants' contentions would be reasonable, it is elementary that the construction which avoids a forfeiture should be favored. As stated in *Ballard* v. *MacCallum,* 15 Cal.2d 439, 444 [101 P.2d 692]: ''We have two possible constructions, one of which leads to a forfeiture and the other avoids it. In such a case the policy and rule are settled, both in the interpretation of ordinary contracts and instruments transferring property, that the construction which avoids forfeiture must be made if it is at all possible. (See *Hawley* v. *Kafitz,* 148 Cal. 393 [83 P. 248, 113

Am.St.Rep. 282, 3 L.R.A.N.S. 741]; *Hench* v. *Lake Hemet Water Co., supra* [9 C.2d 136 (69 P.2d 849)]; Restatement, Property, sec. 45, comment i.)''

For the reasons stated, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.