[S. F. No. 14352.   In Bank.—October 31, 1932.]

ARTHUR HOPKINS, Appellant, v. O. D. WOODWARD et al., Respondents.

Humphrey, Searls, Doyle & MacMillan for Appellant.

Morris M. Grupp for Respondents.

WASTE, C. J.—Plaintiff appeals from a judgment dissolving a preliminary injunction and refusing to perpetually enjoin the defendants from asserting any right under a certain contract.

It appears that plaintiff, as the owner of the dramatic rights in a certain play entitled "Holiday", had by written agreement with the defendant Woodward licensed the latter to produce and stage said play in the cities of San Francisco and Los Angeles on or before May 1, 1929. As the result of negotiations between the parties, the date of the opening performance was extended, by mutual consent, to August 5, 1929. There are provisions in the contract looking to the termination of defendant Woodward's rights thereunder in the event of his failure fully to comply with its terms. This action was instituted to terminate such rights and to perpetually enjoin Woodward, and those claiming under him, from producing or publicly presenting the designated play or from interfering with plaintiff's production thereof through any other licensee. Plaintiff based his prayer for such relief on three alleged violations of the contract by the defendant Woodward, viz., his alleged breach of the provision requiring the staging of the play in San Francisco or Los Angeles on or before August 5, 1929; his alleged breach of the provision against assignment resulting from an asserted transfer to the defendant Holt of a portion of his interest under the contract; and a further alleged breach of the provision against assignment resulting from the filing by the defendant Woodward of a voluntary petition in bankruptcy.

Upon the conclusion of the trial of the cause, the court below found against the plaintiff on all of the issues raised by the complaint and the answers thereto. Judgment was accordingly entered dissolving the preliminary injunction theretofore issued, and dismissing the defendants with their costs. This appeal followed.

Plaintiff has apparently abandoned his contention based upon the two asserted breaches of the provision against assignment, for upon this appeal he confines his argument principally to the proposition that the defendant Woodward has lost all rights under the contract by failing to stage the play in San Francisco or Los Angeles on or before August 5, 1929. Upon this issue the trial court found, in substance, that the defendant did not produce the play in San Francisco or Los Angeles, or elsewhere, on August 5, 1929; that defendant's failure to so produce the play was attributable to circumstances wholly beyond his control; that production was not commenced on August 5, 1929, because of certain serious injuries incurred in an automobile accident by one Richardson, who had been selected to play the leading male character in the play; that though Richardson's injuries prevented defendant from producing the play on August 5, 1929, as agreed, defendant was nevertheless ready and able to produce the play on August 12, 1929, had he not been restrained by order of court in this action; that prior to the filing of this action the defendant informed plaintiff of his willingness and ability to reimburse plaintiff for any damage suffered by reason of the delay of one week; that such delay of one week did not cause irreparable loss to the plaintiff; and that such loss, if any, might be compensated for in damages.

Examination of the transcript discloses that the foregoing findings are amply supported by the evidence. The injuries to, and the consequent inability of Richardson, the leading male character in the play, to appear on August 5, 1929, having resulted from circumstances entirely beyond the control of the defendant Woodward, and plaintiff not having suffered irreparable injury thereby, the court below was warranted in refusing to terminate the contract and enjoin the defendant Woodward from asserting any rights thereunder. Assuming, but not deciding, that the inability of Richardson to appear on August 5, 1929, was not such an "irresistible, superhuman cause", within the meaning of section 1511 of the Civil Code, as to excuse defendant's failure to strictly comply with the letter of the contract, we are of the opinion that the facts of this case, as found by the trial court, present a situation within the contemplation of section 3275 of the Civil Code. That section provides

622

that "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, *or a loss in the nature of a forfeiture,* by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." To terminate the contract, as plaintiff would have us do, would result in a loss to the defendant Woodward "in the nature of a forfeiture". Equity abhors forfeitures and penalties of the character here sought to be imposed and will, whenever possible, and in the absence of irreparable damage, relieve a party from default when it appears that he has acted in good faith, given some reasonable excuse for the delay, and thereafter tendered performance promptly and with reasonable diligence. (*Steele* v. *Branch,* 40 Cal. 3, 11; *Knight* v. *Black,* 19 Cal. App. 518, 526 [126 Pac. 512].) To terminate the contract and enjoin the defendant Woodward from asserting any rights thereunder, because of his temporary inability to produce the play on August 5, 1929, as agreed, which inability arose through no fault of his, but from circumstances entirely beyond his control, would be inequitable and oppressive. Particularly is this true, when, as found by the trial court, any loss resulting from the delay of one week in producing the play was not irreparable but could be adequately compensated in damages. This latter finding is substantiated by the fact that the parties had by mutual agreement extended the opening date of the production from May 1, 1929, as originally fixed in the contract, to August 5, 1929. Having theretofore consented to a three months' extension of the opening date, plaintiff should not now be permitted to terminate the contract and claim irreparable damage because of a further delay of one week, which latter delay, as we have shown, was sufficiently accounted for and wholly the result of circumstances beyond the defendant Woodward's control. We are not here concerned with any question of damages. Neither the complaint nor the evidence touches upon the damage, if any, suffered by plaintiff as a result of the delay of one week above discussed.

On July 29, 1929, the defendant Woodward sent a telegram to the plaintiff informing him that the cast for "Holiday" was complete and would play "three small towns to break in". Upon receipt of a reply telegram from the

plaintiff insisting "upon performance of Holiday contract in exact accordance with terms thereof", the defendant again wired the plaintiff that he would "comply with all terms of Holiday contract". Plaintiff now sets up defendant's expressed desire or intention to open the play outside of San Francisco or Los Angeles as such a breach of the contract as requires a termination thereof. There are two sufficient answers to this proposition, viz., the play was never produced outside of San Francisco or Los Angeles in violation of the contract; and, upon objection from the plaintiff, defendant apparently abandoned his plan to open outside of the territory designated in the contract and immediately informed plaintiff, as shown above that he would "comply with all terms of Holiday contract".

Plaintiff also complains that it was error for the court below to admit evidence of the existence of a custom among western producers to "break in" a cast by opening in small towns. Assuming this evidence to have been erroneously admitted, a point we do not decide, it could not have constituted prejudicial error for, as a matter of fact, the defendant did not "break in" the cast in small towns. Inspection of the findings discloses that the admission of this evidence had no bearing whatever upon the trial court's disposition of this cause. The judgment is based on a theory entirely independent of such evidence.

Upon an examination of the entire record, we are satisfied that plaintiff is not entitled to the permanent injunction prayed for.

The judgment is, therefore, affirmed.

Shenk, J., Seawell, J., Preston, J., Langdon, J., Tyler, J., *pro tem.*, and Curtis, J., concurred.