[L. A. No. 15354. In Bank.—June 24, 1937.]

J. E. HENCK, Respondent, v. LAKE HEMET WATER COMPANY (a Corporation), Appellant.

Cosgrove & O'Neil and John M. Clayton for Appellant.

James A. Hall, Fred A. Wilson and Wilson & Coughlin for Respondent.

SHENK, J.—The plaintiff was the holder of a water contract or certificate issued by the defendant, Lake Hemet Water Company. The defendant gave notice of the termination of the contract and the plaintiff's right to receive water thereunder by reason of nonpayment of the stipulated rate. After the defendant's refusal of a tender of the amount due with interest, the plaintiff brought this action to have the certificate reinstated. The plaintiff had judgment, from which the defendant appealed.

The plaintiff's predecessors acquired a tract of 25 acres from the Hemet Land Company. The land was part of a larger acreage in Riverside County under one ownership. The owners also were possessed of rights to take and divert water from the San Jacinto River and its tributaries. The history of the promotion and sale between the years 1889 and 1915 of small parcels of said acreage and with each parcel the right to receive water through the distributing system of Lake Hemet Water Company, then formed, is related in the opinion in *Allen* v. *Railroad Com.*, 179 Cal. 68 [175 Pac. 466, 8 A. L. R. 249].

The plaintiff's predecessors became the owners of the 25-acre tract and of water contract numbered 1284 in January, 1911. The instrument is captioned ''Certificate Water Contract'', and is in the form of an agreement signed by both parties. The company agreed to deliver specified quantities of water at designated times and at a stipulated point in the water company's water-way for use on the 25 acres described in the certificate. The contract holder agreed to pay to the company on the first of January the sum of $50 for every year that the agreement remained in force. The following then appears: ''The payment of said sums at the time stated is a condition precedent to the right of the party of the second part to receive or use any water hereunder, and the failure to make such payment shall give the party of the first part the right without notice to terminate this contract.'' Similar contracts were issued to purchasers of other acreage served by the water distributing system operated by the de-

fendant. The rate prescribed in all of them was $2 per acre per year.

In 1915 the water company petitioned the Railroad Commission to fix the rates to be charged for the sale and distribution of its water on the theory that the water company was a public utility subject to the supervision of the commission. The holders of water contracts appeared on that proceeding. The petition of some of them for review of the commission's order fixing rates was heard in the case of *Allen* v. *Railroad Com., supra.* In that case it was held that the water company, as to the holders of contracts such as the one here involved, was a private and not a public utility. Nevertheless, the water company refused to recognize the contracts held by the plaintiff and others who were not parties to the review proceeding. Subsequently actions were commenced by certain of the contract holders, including the plaintiff herein, to compel the water company to recognize the rights of such holders. In a decision which disposed of all such actions (*Nelson* v. *Lake Hemet Water Co.,* 212 Cal. 94 [297 Pac. 914]), it was held that the decision in the Allen case determined the private character of the water company as to all contract holders whether or not they were parties to the review proceedings. After the decision in the Nelson case, and on October 29, 1931, judgment for the plaintiff in the similar action theretofore commenced by Henck against the water company, numbered 11236, was entered. In December of that year the water company notified Henck that $50 would be due under such contract on January 1, 1932, for the ensuing year, which sum he promptly paid. A similar notice was sent to him in December of 1932, and he promptly paid the sum due. In December, 1933, however, the defendant changed its custom and omitted the usual notice. Payment of the $50 due from the plaintiff herein on January 1, 1934, for water for the ensuing year was not made, and on January 8, 1934, the defendant notified him that for failure to make payment by January 2, 1934, "said Contract is and has been terminated, as well as your right to receive or use any water thereunder. Therefore, water will be delivered in future only under the public service rules and regulations of this Company". On January 11, 1934, the plaintiff tendered to the defendant the sum of $50 together with interest on that sum from January 1, 1934, to the date of tender, and

requested a continuance of the service of water pursuant to the terms of the contract. The defendant refused the tender and compliance. The present action followed.

The trial court found and concluded that the failure of the plaintiff to pay the sum of $50 on or before January 1, 1934, was not due to gross neglect or wilful or fraudulent breach of duty on his part, but resulted solely from his inadvertence and excusable neglect, and from the lack of any notice that that amount would be payable on that date; further that the failure of the plaintiff to pay the sum promptly on January 2, 1934, occasioned no loss or damage to the defendant other than the loss of interest from January 1 to 10, 1934, and that the payment of such interest represents full compensation to the defendant for the failure of the plaintiff to pay said sum promptly. The court also found the plaintiff's contract to be of the value of $3,000. It concluded that the plaintiff was entitled to be relieved of any forfeiture or any loss in the nature of a forfeiture upon payment by him to the defendant of the sum of $50 with interest as tendered.

The question thus presented is whether the court has correctly applied the principles of equity in granting relief to the plaintiff.

The defendant relies on the decision in the case of *Allen* v. *Railroad Com., supra,* and on the judgment in the prior Henck action numbered 11236 and alleged by the plaintiff in his complaint in this action, as establishing the defendant's right under the contract to terminate the plaintiff's rights upon his failure to make the required annual payment at the stipulated time. It is contended that the estate vested in the plaintiff is one upon limitation, and not upon condition subsequent; that is, that it is a determinable estate which existed so long as the plaintiff made the payments as specified, and not one which was subject to be defeated upon the happening of a condition subsequent. The difference is a distinct one, and in the case of a determinable fee which terminates upon the happening of the contingency the estate is at an end without any further act on the part of the defendant; while in the case of a vested estate subject to defeasance upon condition broken—a condition subsequent—the defendant, upon the happening of the contingency, is entitled only to the right to terminate the estate, or a right of reentry. (*First Universalist Soc. of North Adams* v. *Boland,* 155 Mass.

171 [29 N. E. 524, 15 L. R. A. 231] ; *Lyford* v. *City of Laconia,* 75 N. H. 220 [72 Atl. 1085, 139 Am. St. Rep. 680, 22 L. R. A. (N. S.) 1062] ; *University of Vermont, etc.,* v. *Ward,* 104 Vt. 239 [158 Atl. 773] ; 10 Cal. Jur., pp. 603, 604; 12 Cor. Jur. 410.)

█ In the present case the court concluded that the contract created an estate subject to be defeated upon the happening of a condition, viz., a condition subsequent; and that the same condition, payment of the annual water rate, was a condition precedent to the plaintiff's right to receive water under the contract. The defendant contends that in the Allen case the property right or easement was held to be a single right and that the court may not split the easement from the servitude. When the court in that case spoke of the easement and servitude as being a single entity which could not be separated without destroying both, it had in mind the impossibility of separating the right to receive water from the property right in the distributing system for the purpose of changing the contractual rate. It concluded that such a separation would be an impairment of a contract right and a taking of private property without compensation. It was not called upon to define the nature of the estate or its duration.

In support of its contention that the judgment in the prior Henck action defined the estate as one upon limitation, the defendant quotes the following portion of the judgment in that case: ''The plaintiff as long as he shall henceforth comply with the requirements and conditions of said contract on his part, is entitled to have water delivered upon said land by the defendant as aforesaid, under and pursuant to the terms and conditions of said contract, and the defendant is hereby required and ordered to make such delivery of water, so long as the plaintiff shall henceforth comply with the requirements and conditions of said contract on his part.''

The language of the contract is that the ''payment of said sums at the time stated is a condition precedent to the right'' of the plaintiff to receive or use any water, ''and the failure to make such payment shall give'' the defendant ''the right without notice to terminate this contract''.

We are of the opinion that the trial court correctly defined the rights and obligations of the respective parties as contemplated by the contract. In its interpretation it did not

split or separate the contractual right or easement. It was not attempting to lift anything out of the contract for the purpose of applying to it new rights and obligations. It merely recognized what this court defined in the Allen case, a right to receive water upon payment of a stipulated sum coupled with a property right or interest subject to be defeated upon failure of payment and the exercise of the defendant's right to terminate the contract. Its view was undoubtedly inspired by the language of the contract itself, wherein payment of the sum at the time stated was made a condition precedent to the right to receive water, and upon the failure to make the payment the defendant was given the right to terminate the contract. The language of the contract itself negatives any possible view that the proprietary interest or estate of the plaintiff is determinable *ipso facto* by the mere failure to make a payment in any year upon the date specified. There is no condition stated in the contract which limits the duration of the plaintiff's estate. The condition stated is one by which the vested estate is subject to be defeated upon the exercise by the defendant of the right to terminate it if the condition is not performed—a condition subsequent. If the breach of such a condition works a forfeiture, equity in a proper case may grant relief. (Civ. Code, secs. 1492, 3275.)

Assuming that the judgment in the prior Henck case was sufficiently pleaded so as to permit the defendant to rely upon it as a plea of *res judicata,* nevertheless there is nothing in that judgment to prevent the court in the present case from enforcing the contract between the parties in accordance with its language. The only question in the prior case and the only issue decided or necessarily involved therein, and concluded by the judgment, was whether the plaintiff was one of those persons for whose benefit the review proceeding was taken in the Allen case. The issues here presented were not involved in that action nor determined by that judgment, and it therefore does not constitute an estoppel against the parties to the present action. (*Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232 [61 Pac. 958, 79 Am. St. Rep. 118] ; Code Civ. Proc., sec. 1911.) Furthermore, the use of the specific language quoted from the judgment rendered in the prior action is consistent with the definition herein of the rights of the parties. Our conclusion is that

the court may grant relief from the forfeiture occasioned by the nonpayment of the amount due on January 1, 1934, upon equitable grounds being shown, unless it must refuse relief because the parties have made time the essence of the contract.

The defendant contends that time is made the essence of the contract because payment on a date specified is made a condition precedent to the right to receive water. The contract does not contain an express declaration that time is of the essence of the plaintiff's obligation. Section 1492 of the Civil Code provides: "Where delay in performance is capable of exact and entire compensation, and time has not been expressly declared to be of the essence of the obligation, an offer of performance, accompanied with an offer of such compensation, may be made at any time after it is due . . . "

Section 3275 of the same code states: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty." The provisions of section 3275 are necessarily qualified by the language of section 1492, so that generally in a case where time is made the essence of the agreement a party may not obtain relief under that section. (*Collins* v. *Eksoozian*, 61 Cal. App. 184 [214 Pac. 670].) In the cited case, however, relief was granted on the ground that even though time was an essential element the showing justified the interposition of a court of equity.

The general rule of equity is that time is not of the essence of the contract, unless it clearly appear from the terms of the contract, in the light of all the circumstances, that such was the intention of the parties. (*Steele* v. *Branch,* 40 Cal. 3, 11; *Beverly* v. *Blackwood,* 102 Cal. 83 [36 Pac. 378].) It was recognized in *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, 10, 11 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199], that equity will relieve a party from the effect of a breach of a covenant to pay upon a day certain upon the showing of fraud, mistake, surprise or other ground of purely equitable cognizance excusing the breach, where damages on account of the breach can be accurately measured and compensation made by the allowance of interest. (See, also, *Hopkins* v. *Woodward,* 216 Cal. 619 [15 Pac. (2d) 499].)

It is true, as the defendant contends, that it is not necessary that any special words should have been employed in order that the intent to make time of the essence be apparent. But the cases relied upon by it for the most part involve the obligation of the buyer to make payment upon a day certain under a contract for the sale of real property. The theory upon which the courts hold that in such cases time is of the essence, is that damage resulting to the seller by reason of delay in performance on the part of the purchaser cannot be estimated nor compensated. (See *Grey* v. *Tubbs,* 43 Cal. 359; *Glock* v. *Howard, supra; Skookum Oil Co.* v. *Thomas,* 162 Cal. 539 [123 Pac. 363]; *Troughton* v. *Eakle,* 58 Cal. App. 161, 172 [208 Pac. 161].)

The parties herein concede and the Allen case decides that the plaintiff has become vested with a perpetual property right. The defendant urges that since a specific date has been indicated when payment of annual water dues must be made as a condition precedent to the right to receive water, time is therefore of the essence of the contract within the meaning of the statute and the cases relied upon by it. The conclusion appears unavoidable, however, that the trial court correctly viewed the use of the time element as a means to insure prompt payment rather than as an indication that failure to perform at the time stipulated would result in an immediate termination and forfeiture of the plaintiff's rights. It is undoubtedly true that the defendant is desirous and even anxious to unburden itself of the private contracts which the court in the Allen case recognized might have been unwise and improvident and might lead to the defendant's inability to carry on its service. But no contention is made that the defendant is no longer able to function under the yoke of these perpetual contracts or that payment of interest does not constitute full compensation for the breach. On the record presented we adhere to the view expressed in the Allen case that the court has no greater power in this than in any other case to make a different contract for the parties, and that is should not deny to the plaintiff the relief to which he is obviously entitled. Furthermore, even assuming that time should be deemed an essential element in the contract, nevertheless it may be said that under the pertinent authorities hereinabove cited, the interposition of equity to grant relief under the facts was justified by the showing that for

two years the water company, immediately preceding the due date, notified the plaintiff of the amount due for the ensuing year, and that the plaintiff's failure to make payment on January 2, 1934, was excusable because it was in part if not largely induced or provoked by the defendant's own conduct. (*Collins* v. *Eksoozian, supra.*)

The judgment is affirmed.

Curtis, J., Langdon, J., Edmonds, J., and Seawell, J., concurred.