[Civ. No. 16111.   Second Dist., Div. Two.   June 17, 1948.]

ROY  G.  GATTIAN  et al., Appellants,  v.  KENNETH  N.
COLEMAN et al., Respondents.

Richard A. Haley for Appellants.

Lewis, Signer & Burns and Albert J. Signer for Respondents.

WILSON, J.—Appellants, as vendors, and respondents, as vendees, entered into an option agreement on November 1, 1944, for the sale of appellants' equity in certain real property in Los Angeles County for the sum of $4,000. Respondents paid $1,500 upon the execution of the agreement under the terms of which they assumed a prior encumbrance upon the property of $1,770.25, payable in monthly installments of $24 or more and agreed to pay appellants the balance of $729.75 in monthly installments of $25.50 plus interest. Time was specifically declared to be of the essence of the agreement which provided that should the vendees fail, neglect or refuse to carry out any of its terms and conditions, the contract was to become null and void and all payments thereon were to be retained by the vendors as liquidated damages.

Pursuant to the terms of the contract respondents went into possession of the property and made monthly payments upon both obligations until the payment due December 1, 1945. By agreement between the parties, payments could be made either to Mr. Willhoit, the first lien holder, or to the Long Beach Federal Savings & Loan Association which acted as collection agent for Mr. Willhoit, who in turn remitted to appellants. On or before December 6, 1945, respondents applied to the Bank of America at Hawthorne for a loan for the purpose of refinancing the property and paying in full the balance remaining unpaid to appellants and Mr. Willhoit. On December 6, 1945, the loan was approved and on the same date respondents opened an escrow at the Bank of America, Hawthorne Branch. The following day the escrow officer of the

bank wrote appellants, informing them that an escrow had been opened in connection with the property which respondents were purchasing from them and asking for their demand. On the same day, a similar letter was sent by the bank to the Long Beach Federal Savings & Loan Association and Mr. Willhoit. Appellants did not reply to the letter from the bank and on January 3, 1946, they notified respondents that the contract was cancelled and demanded possession of the premises. Other letters were subsequently directed to appellants by the bank asking for their demand, to none of which appellants replied. Respondents were advised by either the escrow officer or another officer of the bank to make no further payments on the property while it was in escrow and acting upon that advice no payments were made until March, 1946, when they paid $200 to the Long Beach Federal Savings & Loan Association to cover all delinquent payments due to appellants and Mr. Willhoit. Subsequent payments were made monthly, all of which appellants had refused to accept.

The sole question to be determined is whether under these circumstances relief from forfeiture should have been granted.

Section 3275 of the Civil Code provides as follows: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

The general rule is that "where the parties have so stipulated as to make the time of payment of the essence of the contract, within the view of equity as well as of the law, a court of equity cannot relieve a vendee who has made default." (Pomeroy, Equity Jurisprudence (5th ed.), § 455.) The provisions of section 3275 of the Civil Code are necessarily qualified by section 1492 so that generally in a case where time is made the essence of an agreement a party may not obtain relief under that section. (*Henck* v. *Lake Hemet Water Co.*, 9 Cal.2d 136, 143 [69 P.2d 849]; *Collins* v. *Eksoozian*, 61 Cal.App. 184, 196 [214 P. 670].)

The law is settled in this state that an inexcusable failure on the part of a vendee to make a payment when the same should be paid according to the terms of the contract terminates his rights and makes it impossible for him to enforce it in the absence of a waiver. (*Glock* v. *Howard & Wilson Col-*

*ony Co.,* 123 Cal. 1, 9 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199] ; *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539, 544, 545 [123 P. 363] ; *Champion Gold Mining Co.* v. *Champion Mines,* 164 Cal. 205, 213 [128 P. 315] ; *Darter* v. *Schuyler,* 47 Cal.App. 457, 459 [190 P. 827].)

However, as stated by the court in *Collins* v. *Eksoozian, supra,* at page 198: ''The law does not favor forfeitures and a party should not be divested of valuable rights by way of forfeiture for default in complying with the provisions of a contract by which those rights have been acquired unless it is clearly made to appear that the other party to the contract has suffered or will suffer serious detriment or damage by reason of such default, or unless it is made to appear that the default was intentional or wilful.'' (See also *Bedell* v. *Barber,* 80 Cal.App.2d 806 [182 P.2d 591].)

Appellants assert that respondents, having wilfully breached their contract, have forfeited all their rights thereunder. Their position is not sustained by the evidence. On the contrary, the evidence shows that prior to the opening of the escrow appellants had been urging respondents to pay larger amounts than required by the terms of the contract and that respondents were endeavoring to comply with that request by procuring the loan from the bank in order to pay the balance in full. Within six days after the payment became due on December 1, 1945, appellants were notified of the opening of the escrow and were requested to file their demand with the escrow holder.

Mrs. Gattian testified that she did not receive the letter from the Bank of America dated December 7, 1945; that she had received only two letters from the bank, one dated January 14, 1946, and the other dated a few days later; that she did not reply to the letters because the matter was in the hands of her attorney. That she knew of the escrow is obvious from her testimony as to what occurred when she called at the Long Beach Federal Savings & Loan Association's office on December 28, 1945, and again on January 2, 1946. She was asked whether on those occasions anyone in Mr. Willhoit's office told her about ''an escrow that had been opened at the Bank of America in Hawthorne.'' She answered: ''Never mentioned that to me, and told me they knew nothing of it, even on the 2nd; that they had no word give to them.'' She offers no explanation as to why she was told that ''they knew nothing

of it'' [the escrow] if the escrow had not been discussed by the loan company's officers with her. Mr. Willhoit, the holder of the first lien on the property, testified that he had a conversation with Mrs. Gattian with reference to the escrow and that ''she knew about it.''

Respondents acted in good faith. There was no deliberate or intentional breach of their contract and no evidence of wilful, fraudulent or gross negligence. They were making an endeavor to comply with appellants' request for payment of more than was called for by the contract. Such effort excused the short delay made necessary by the procurement of the loan and the handling of the matter through escrow. Appellants have suffered no loss or damage for which they will not be compensated by payment in full of the balance unpaid on the contract plus interest.

There is no merit in appellants' contention that the court is powerless to grant relief from forfeiture under the pleadings, and the case cited does not so hold. The rule as stated in *Clifford* v. *Fleshman,* 65 Cal.App. 762, 769, 770 [225 P. 45], is that if the vendee claims a waiver by the vendor of the right of forfeiture and such waiver does not appear from the complaint the vendee must plead it in his answer, and under section 3275 of the Civil Code, if the vendee desires to be relieved from forfeiture, he must plead ability and willingness to make payment of the amount due. There is no question of waiver in the instant case and respondents have pleaded their ability and willingness to pay, the procurement of a loan and the opening of an escrow for that purpose and the failure of appellants to execute a deed and to make demand for the unpaid balance as requested by the escrow holder.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.