[Civ. No. 7577. Third Dist. Aug. 1, 1949.]

FRED KAMMERER et al., Appellants, v. CHARLES ORVAL WOODSON et al., Respondents.

Busick & Busick for Appellants.

W. P. Dwyer, Jr., for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment relieving the defendants, under section 3275 of the Civil Code, from their alleged default of payments due upon a contract for the purchase of real property. Plaintiffs brought suit to quiet title to the land. Defendants answered the complaint, setting up their written contract with plaintiffs to purchase the property for the sum of $15,000, upon which they had paid the sum of $2,700 pursuant to the terms thereof, and alleged equitable grounds upon which they asked to be

relieved of default and forfeiture for nonpayment of certain installments. The court adopted findings favorable to the defendants on the subject of default and forfeiture, relieving them therefrom. Judgment was rendered accordingly. From that judgment this appeal was perfected. The appeal is presented to this court on the judgment roll only.

The appellants assert in their opening brief that the only point in issue is whether the court may relieve parties to a contract for the purchase of real property from their default in payment of stipulated installments, under section 3275 of the Civil Code, where time is made the essence of the contract. It reads: "Only one point is involved in this Appeal, that is: Can the trial Court in an action to quiet title to real property, under Section 738 of the Code of Civil Procedure, relieve defendants of their default, under Section 3275 of the Civil Code, where the Court finds that time was made the essence of the Contract, and that defendants were in default in their payment as provided and required in the agreement to purchase, at the time the forfeiture was declared?"

The contract contains the following clause:

". . . In case of a default in the payment of any of said sums or any installment, or interest due thereon, *for a period of two months after the same becomes due,* that all money previously paid by the Purchasers shall, at the option of the Sellers, become forfeited to the Sellers, and retained as settled and liquidated damages; the parties hereto agreeing that it is impossible to estimate the actual damages, and thereupon the Sellers shall be released from any obligation in law and equity to convey said real property to the Purchasers, and the Purchasers shall forfeit all right thereto, and shall immediately deliver the possession of the same to the Sellers; and herein *it is agreed that time is the essence of this contract.*" (Italics added.)

The court adopted findings to the effect that on January 2, 1946, plaintiffs and defendants executed a written contract. Under the contract the former agreed to sell and the latter agreed to buy real property in Sacramento County for the sum of $15,000, on the following terms: $1,000 cash, and the balance to be paid in installments of $100 per month until $5,000 had been paid, at which time plaintiffs agreed to execute their deed of conveyance upon delivery to them of defendants' note for $10,000 and interest at 5 per cent per annum. secured by a trust deed. The court found that de-

fendants agreed to keep the improvements thereon insured for three-fourths of their value and to pay taxes assessed against the property; that defendants paid plaintiffs the total sum of $2,700 on said contract; that defendants defaulted in their payments of three installments of $100 each, for the months of July, August and September, 1947, and also failed to pay taxes and insurance in the sum of $96; that on September 6, 1947, plaintiffs served notice on the defendants of said default and of the exercise of their option to declare forfeited the payments made under the contract. The court further found that the land in question was assessed, together with a larger tract, without apportioning the taxes due on defendants' land and that it was impossible to determine what portion of taxes was due from plaintiffs, and that the value of the improvements was not stated in the contract, and that the contract provided that if the taxes and insurance were paid by plaintiffs, the defendants would repay to plaintiffs said sums *on demand,* and that no such demand was made upon them; that defendants had no knowledge of the amount of taxes and insurance premiums which they owed, prior to the service of said notice of default on September 6th; that defendants tendered to plaintiffs on September 10, 1947, the full amount of unpaid installments, together with all taxes and insurance claimed to be due, which was refused; that ''defendants' failure to comply with the provisions of said contract as to payment was not a grossly negligent, wilful or fraudulent breach of the provisions of said contract;'' that defendants had paid plaintiffs pursuant to the contract the sum of $2,700, and had an equity in the property to that extent, and that, upon paying to plaintiffs the sum of $1,198.54, which included deferred payments of installments to the time of rendering judgment, and taxes, insurance and accrued interest, defendants would be relieved of their said default and forfeiture of money paid, and that they would thereupon be restored to their full rights under the contract. Judgment was rendered accordingly. From that judgment this appeal was perfected.

It will be observed from the fourth paragraph of the complaint that the monthly payments of $100 became *due* on the first of each month of July, August and September, and that notice of failure to pay the sums was served on defendants on September 6th. But, under the provision of the contract, ''at the option of the Sellers,'' the money previously paid could not be declared *forfeited* ''for a period of two

months after the same becomes due." Therefore, it appears that the only unpaid installment of $100, for which forfeiture could be declared on September 6th, was the July payment. The total sum of the delayed payments was tendered to plaintiffs and refused four days later, on September 10th. Moreover, in paragraph II of the answer, defendants allege that they were entitled to possession of the real property under the contract, on February 15, 1946, but that plaintiffs' lessees, A. M. and Sena Sheiry, were then in possession under a lease for an agreed rental of $125 per month, with a conditional option to purchase the property, and that plaintiffs were unable to oust said tenants and deliver possession to the defendants until July 6, 1946, during which time plaintiffs collected from the tenants the total sum of $625, which sum, it was agreed, should be credited to defendants. The answer alleged waiver of payments of installments at the times specified and denied that defendants were in default of payments, and asserted that they did not wilfully or negligently withhold any of said alleged deferred payments, but prayed that, in the event the court should determine they were in default of any such payments the court then relieve them of such default and alleged forfeiture, and restore them to the full enjoyment of their said contract of purchase.

On the authority of the recent case of *Barkis* v. *Scott*, 34 Cal.2d 116 [208 P.2d 367], and the California cases therein cited, we are convinced the trial court was authorized, under section 3275 of the Civil Code, to relieve the defendants in this case of the default and forfeiture of money previously paid on their contract to purchase the real property, on condition that they pay to plaintiffs the sum of $1,198.54, as specified. This appeal was heard on the judgment roll only. The evidence adduced is not before us. We must assume the findings are adequately supported by the evidence, and that the defendants were not guilty of gross negligence, or of wilful or fraudulent breach of duty under the contract. Certainly the judgment is supported by the findings. The facts of the Barkis case are almost exactly like those of the present case. In both cases substantial sums were paid by the vendees of the properties, and in both cases the contracts provided that "time is of the essence of the contract." Both contracts also provided that in the event of default in any installment or interest, at the option of the vendors, all previous pay-

ments of money shall be retained by the vendors as "liquidated damages."

In reversing the judgment quieting title in the plaintiff in the Barkis case, the Supreme Court said, after reviewing numerous California cases, that:

"[W]henever its [Civ. Code, § 3275] conditions have been satisfied relief has been granted whether or not time has been made of the essence by the contract involved."

Numerous authorities are cited in support of that statement. The Supreme Court recognizes the fact that under circumstances where the vendee has wilfully, deliberately or fraudulently breached the contract or deliberately withheld substantial sums of money due, or is unable to perform his contract, relief from default or forfeiture and restoration to the full benefits of a contract may be properly denied. But, in the present case, the court found that defendants promptly and repeatedly tendered to plaintiffs the entire amounts which they claimed were due and unpaid, which were refused, and that defendants, at all times, were willing to do equity. Moreover, the sums, for nonpayment of which the defendants were in actual default, are small compared with the substantial amount of $2,700 which has been paid on the contract, and the court relieved defendants of their default and forfeiture conditioned upon their fully compensating plaintiffs by payment of the sum of $1,198.54 before they may be restored to the enjoyment of their contract. Any other judgment, under the circumstances of this case, would appear to be inequitable.

In commenting on the cases of *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199], and *Henck* v. *Lake Hemet Water Co.*, 9 Cal.2d 136 [69 P.2d 849], upon which the respondent in the Barkis case relied, the Supreme Court said:

". . . [T]here is nothing in either the Block or Henck cases that prevents the granting of relief for the breach of the provision requiring that payments be made strictly on time."

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.