[Civ. No. 21444.   Second Dist., Div. One.   Mar. 19, 1956.]

FRANCES ATKINS, Appellant, v. ROBERT G. ANDERSON et al., Respondents.

Daniel G. Marshall for Appellant.

Alfred Lubin for Respondents.

DORAN, Acting P. J.—The complaint herein seeks to compel a forfeiture because of the alleged violation of a recorded restriction in respect to real property purchased by respondents Anderson from the appellant.

From the record it appears that the property was acquired by appellant and husband on January 3, 1945.   On June 1, 1945, appellant constructed a dwelling house on the property, having a roof covered area of only 580 feet, and

continued in occupancy thereof until March 15, 1950. The respondents acquired title to this property on July 17, 1951, and remained in possession thereof until November, 1953, no change being made in the size of the dwelling. Thereafter respondents sold to one E. M. Gianone, who increased the footage to 1,700 square feet.

The entire parcel acquired by appellant consisted of 3¼ acres, and the dwelling hereinbefore mentioned was built on a plot of an acre and one-half. The restriction here in question, recorded in 1945, provided that ''No residence shall have less than 1,000 square feet of enclosed or roofed area. Temporary buildings are permitted to be used on this property until one year after the termination of the present war with Germany and Japan. These restrictions shall continue in full force and effect until October, 1994 and are for the benefit of the grantors, their heirs, successors and assigns and of anyone deriving title from them to any part of this or adjacent parcels of land.'' The war with Germany terminated in August, 1945, and the war with Japan terminated in September, 1945.

The complaint alleged the respondents' breach of this clause by reason of the maintenance of the small dwelling house since July 17, 1951, and after the termination of the wars in 1945. As pointed out in respondents' brief, the complaint does not allege that the appellant has suffered any damage or detriment, and none was proven. No written memorandum of sale was entered into in respect to the sale to respondents, and nothing contained in the deed refers to any building restriction. No notice of any kind was given by appellant to respondents showing any intention to declare a forfeiture until the present action was filed.

The trial court found ''That all of the allegations contained in the defendants' answer are true,'' and that ''the allegations of the complaint inconsistent or contrary to the defendants' answer are untrue.'' It is further found that ''the deed of conveyance from the plaintiff to the defendant did not contain any restrictions,'' and that since the filing of the action, the enclosed area had been increased as hereinbefore stated.

As conclusions of law, the court found ''That the plaintiff has waived her right to declare a forfeiture, by her knowledge of the restriction before delivering a deed to the premises to the defendant and accepting payment for same.'' The trial court also concluded that ''plaintiff is estopped to seek or recover a forfeiture where she had knowledge of the condition

and participated in the violation of the restriction." Judgment was rendered accordingly.

Appellant's contention that the findings do not support the judgment are untenable. As said in respondents' brief, "Aside from the findings of fact which disaffirm the truth of the allegations in the complaint and affirm the truth of the allegations in the answer, . . . there are specific findings of fact which support the judgment." The trial court found that the dwelling with the inadequate area of less than 1,000 square feet was built, not by respondents but by the appellant in 1945 and occupied by Mr. and Mrs. Atkins until 1950; that the premises were sold to respondents "with no covenant or agreement as to any restriction," and that "at the time of trial the enclosed area . . . was in excess of 1000 square feet."

From these facts the judge concluded that appellant's right to declare a forfeiture had been waived, and that "plaintiff is estopped to seek or recover a forfeiture where she had knowledge of the condition and participated in the violation of the restriction." These findings and conclusions, and the ensuing judgment are adequately supported by the record, and no reversible error appears to have been committed.

As stated in the respondents' brief, "The law does not favor forfeiture of property." Under the circumstances of this case, to declare a forfeiture would be oppressive and inequitable. The rule is stated in *Gattian* v. *Coleman*, 86 Cal.App.2d 266, 269 [194 P.2d 728], that "a party should not be divested of valuable rights by way of forfeiture for default . . . unless it is clearly made to appear that the other party to the contract has suffered or will suffer serious detriment or damage by reason of such default, or unless it is made to appear that the default was intentional or wilful."

Section 3275 of the Civil Code provides that "Whenever by the terms of an obligation, a party thereto incurs a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party except in case of a grossly negligent, willful or fraudulent breach of duty." As stated by respondents, "Inasmuch as no detriment has been shown by appellant, and no compensation, damages or injunctive relief has been requested, it follows that the respondent may be relieved from such a forfeiture, where there is no further violation of such a restrictive covenant. There is not one

scintilla of evidence in this case of gross negligence, or willful or fraudulent breach of duty.''

''This is a case,'' again quoting from the respondents' brief, ''in which the appellant's own evidence is clear cut, consistent and cohesive to the effect that the appellant is seeking to declare a forfeiture in which she participated in the violation of the restriction and had waived her right to have the respondents' estate forfeited to the appellant.''

The judgment is affirmed.

Fourt, J., concurred.