**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 07 2011

RICHARD EDWARDS, D.B.A.
Eurotrading,

          Plaintiff - Appellant,

  v.

SYMBOLIC INTERNATIONAL, INC.,

          Defendant - Appellee.

No. 09-55890

D.C. No. 3:07-cv-01826-JMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jan M. Adler, Magistrate Judge, Presiding

Submitted December 7, 2010[**]
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

Plaintiff-appellant Richard Edwards, a foreign citizen, who does business as

"Eurotrading" ("Edwards") appeals from the district court's grant of summary

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment to defendant-appellee Symbolic International, Inc. ("Symbolic").[1] The district court concluded, as a matter of law, that by failing to timely pay the balance due on the contract, Edwards was in material breach and that the liquidated damages clause was valid, enforceable and reasonable, therefore summary judgment for Symbolic was appropriate. We affirm.

A district court's grant of summary judgment is reviewed de novo. *See*, *e.g.*, *F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1138 (9th Cir. 2010). The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc).

Under the applicable California contract law, a party may rescind a contract "[i]f the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause." Cal. Civ. Code § 1689 (b)(4). "Delay in performance is a material failure only if time is of the essence, i.e., if prompt performance is, by the express language of the contract or by its very nature, a vital matter." *Johnson v. Alexander*, 134 Cal. Rptr. 101 (Cal. Ct. App.

---

[1] Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

2

1976) (citing, inter alia, *Henck v. Lake Hemet Water Co.*, 9 Cal. 2d 136, 143 (1937). Edwards concedes that he failed to pay the $2.8 million balance on August 13, 2007, the payment date specified in the contract, but he argues that because time was not of the essence, the district court erred in finding there was a material breach of contract. We conclude, however, that pursuant to the parties' pre-contract communications and negotiations, as well as the contract terms, time was of the essence. *Henck*, 9 Cal. 2d at 143 ("The general rule of equity is that time is not of the essence of the contract, unless it clearly appear from the terms of the contract, in the light of all the circumstances, that such was the intention of the parties.").

Specifically, (1) in the pre-contract negotiations, Symbolic repeatedly rejected the thirty working-day time period that Edwards sought to pay the balance and insisted on the shorter thirty calendar-day time period to ensure the balance was paid on or before August 13; (2) Edwards agreed to the August 13 date and it is the date specified in the contract; (3) prior to Edwards' failure to pay, a Symbolic representative repeatedly advised Edwards that time was of the essence; and (4) prior to August 13, Symbolic sent Edwards the "Notice to Complete," which advised him that in order for the transaction to be deemed completed, the balance was due by August 13 or Symbolic would keep the $300,000 deposit "by

3

way of liquidated damages for breach of contract."  Edwards' breach by non-payment on the date the balance for the Ferrari was due was therefore material.

Although Edwards contends that the parties' negotiations and intentions as to whether time was of the essence raise disputed issues of material fact, he fails to explain how these allegedly disputed issues "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  First, "the mere state of mind of the parties—with reference to the 'meeting of the minds'—is not the essential object of inquiry, the terms of the promise act being determinable by an external and not by an internal standard." *Zurich General Acc. & Liab. Assur. Co., Ltd. v. Industrial Acc. Com.*, 132 Cal. App. 101,104 (1933)(citations omitted).  Regardless of Edwards' intentions as to when he might pay, after negotiating with Symbolic over the due date he accepted Symbolic's proposed date of August 13 and had his solicitor prepare the contract with that date.  Moreover, there is no legal basis for Edwards' argument that Symbolic breached the contract by sending its "Notice to Complete" letter before the due date for the balance because the contract does not indicate when the notice to complete must be given.  In sum, Edwards has not raised any material issue of fact as to whether he breached the contract. *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

Edwards further asserts that even if he breached the contract, the contract's liquidated damages provision was unreasonable. Liquidated damages provisions are favored in California and are enforceable unless it was "unreasonable under the circumstances existing at the time the contract was made." California Civil Code § 1671(b); *see also Weber, Lipshie & Co. v. Christian*, 52 Cal. App. 4th 645, 654 (1997). Here, the parties were sophisticated buyers and sellers of high-end vintage cars who agreed to a liquidated damages clause equivalent to 10% of the price of the Ferrari. There was evidence that this was the standard practice in the industry. Viewed under the circumstances at the time of contracting, *see id.*, the liquidated damages provision was reasonable and therefore, as a matter of law, applied to Edwards when he breached the contract. We also reject Edwards' claim that the resolution of the liquidated damages issues should have been submitted to the jury rather than be decided by the district court because under California law, it is clear that "[t]he question whether a contractual provision is an unenforceable liquidated damages provision is one for the court." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1314 (2005) (citation omitted).

Finally, Edwards' contention that the district court erred by impermissibly weighing the evidence and acting as a trier of fact is not supported by the record. The record indicates that the court was properly determining whether there were genuine issues of material fact that precluded summary judgment. *Balint*, 180 F.3d at 1054 ("This court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial.").

The district court's order granting summary judgment to Symbolic is **AFFIRMED.**